UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:

DONNA K. PEARSON

Debtor,

Case No. 3:24-cv-1834-JPG
Br. Case No. 24-60096-lkg

## MEMORANDUM AND ORDER

This matter comes before the Court after it ordered debtor/appellant Donna Kay Pearson to show cause on or before September 9, 2024, why the Court should not dismiss this appeal for lack of jurisdiction (Doc. 8). In its August 26, 2024, order to show cause, the Court noted that Pearson had appealed (Br. Doc. 29; Dist. Doc. 2) from the Bankruptcy Court's July 12, 2024, judgment of dismissal on the grounds that she had failed to file the required Official Form 121 (Your Statement About Your Social Security Number) (Br. Doc. 18). Pearson did not respond to the order to show cause.

Generally, a party has 14 days from entry of judgment in a Bankruptcy Court to appeal that judgment. Fed. R. Bankr. P. 8002(a)(1) (implementing the statutory directive from 28 U.S.C. § 158(a)(1)). In some circumstances, the Bankruptcy Court may extend the time for appeal, *see* Fed. R. Bankr. P. 8002(d)(1), but it has not done so in this case. The unextended 14-day time period is jurisdictional. *In re Sobczak-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016). "Accordingly, the failure to file a timely notice of appeal strips the district court of jurisdiction to hear the appeal." *Id.*; *accord Pansier v. United States*, 821 F. App'x 642, 643 (7th Cir. 2020).

Pearson's notice of appeal is late. Bankruptcy Judge Laura K. Grandy entered the order of dismissal from which Pearson appeals on July 12, 2024, but Pearson did not file her notice of appeal until July 31, 2024, 19 days later. This is too late to convey jurisdiction on this Court. Pearson offers no explanation for the late notice of appeal and, in fact, did not respond to this Court's show cause order.

The Court also considers Pearson's motion for leave to proceed *in forma pauperis* (Doc. 7). A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

It appears from Pearson's affidavit that she is indigent. However, it is not reasonably arguable that this appeal is untimely and that the Court does not have jurisdiction to hear it. Further, the fundamental assumption of Pearson's appeal is that she provided her Social Security Number on the first page of her Bankruptcy Petition so she did not need to provide it again. She is flat wrong about this; the first page of her petition asks for only the last 4 digits of her Social Security Number (Br. Doc. 1). Further, the submission of Official Form 121 (Your Statement About Your Social Security Number) was mandatory. Judge Grandy did not abuse her discretion in dismissing Pearson's Bankruptcy Case when, after a warnings about possible dismissal for non-compliance (Br. Doc. 2), she refused to submit it in a timely manner. This appeal is frivolous.

For the foregoing reasons, the Court:

- **DISMISSES** this appeal for **lack of jurisdiction**;
- **DENIES** Pearson's motion for leave to appeal *in forma pauperis* (Doc. 7); and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  September 12, 2024**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**